**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-6206**

─────────────

WILLIAM ALLEN LEGG,

                              Petitioner - Appellant,

        versus

ARCHIE C. GEE; ATTORNEY GENERAL FOR THE STATE
OF MARYLAND,

                              Respondents - Appellees.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CA-
98-270-DKC)

─────────────

Submitted:  June 17, 1999          Decided:  June 24, 1999

─────────────

Before MURNAGHAN and TRAXLER, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

William Allen Legg, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Allen Legg filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on February 6, 1998;[*] Legg's notice of appeal was filed on February 3, 1999, which is beyond the thirty-day appeal period. Legg's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore deny a certificate of appealability, deny Legg's motion for an injunction, and dismiss the appeal. We dis-

---

[*] Although the district court's judgment or order is "stamped" February 4, 1998, the district court's records show that it was entered on the docket sheet on February 6, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED